IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02494-BNB

I. C. LEWIS,

    Plaintiff,

v.

BURL McCULLAR, SOTMP Program Manager, and
JAMES LANDER, SOTMP Coordinator,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2009

GREGORY C. LANGHAM
CLERK

## ORDER DISMISSING CASE

Plaintiff I. C. Lewis is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Lewis initiated this action by filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On October 23, 2009, Magistrate Judge Boyd N. Boland entered an order finding that the Complaint is deficient and directing Mr. Lewis to cure the deficiency. On the same day Mr. Lewis filed a pleading titled "Motion to Withdraw 42 U.S.C. § 1983 Without Prejudice to Cure Procedural Error," in which he asserts that he desires to dismiss the Complaint and action. Subsequently, on October 30, 2009, Mr. Lewis filed a certified copy of his inmate account statement curing the deficiency in his Complaint.

Because it was not clear whether Mr. Lewis still intended to dismiss the Complaint and action, as he had stated in the Motion to Withdraw, Magistrate Judge Boland instructed Mr. Lewis to clarify his intentions. On November 13, 2009, Mr. Lewis

filed a pleading, in which he clearly states that he seeks to withdraw the instant Complaint and action.

Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No answer has been filed by Defendants in this action. Further, a voluntary dismissal under Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2$^d$ ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2$^d$ 501, 507 (10th Cir. 1968).

The Court, therefore, construes the Motion to Withdraw as a Notice of Dismissal filed pursuant to Rule 41(a)(1)(A)(i). The file will be closed as of October 23, 2009, the date Mr. Lewis filed the Motion to Withdraw. *See Hyde Constr. Co.*, 388 F.2$^d$ at 507. Accordingly, it is

ORDERED that the Motion to Withdraw 42 U.S.C. § 1983 Without Prejudice to Cure Procedural Error (Doc. No. 4) is construed as a Notice of Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of October 23, 2009, the date Mr. Lewis filed the Notice in this action.

DATED at Denver, Colorado, this 19 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02494-BNB

I.C. Lewis
Prisoner No. 67563
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/19/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk